FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:13-cv-22-J-99mmH-JRK

ERNEST SCHIEMANN, an individual,

  Plaintiff,

vs.

CHECK PLUS SYSTEMS, INC., a
Texas corporation, doing business as
"CPS Security,"

  Defendant.

_____/

### COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

  Plaintiff, Ernest Schiemann, an individual, sues Defendant, Check Plus Systems, Inc., a Texas corporation, d/b/a "CPS Security," and alleges:

### *INTRODUCTION*

  1. This is an action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and for violation of 47 U.S.C. §227, *et sequi*, known more commonly as the Telephone Consumer Protection Act ("TCPA"), which provides for private right of action for unauthorized automated telephone calls.

### *ALLEGATIONS AS TO PARTIES*

  2. At all times material hereto, Plaintiff, Ernest Schiemann ("Mr. Schiemann"), was *sui juris* and a resident of Putnam County, Florida.

1

3.. At all times material hereto, Defendant, Check Plus Systems, Inc. ("CPS"), is a Texas corporation doing business in Putnam County, Florida.

4. At all times material hereto, CPS was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

## *FACTUAL ALLEGATIONS*

5. At some unknown time in the past, CPS commenced collection activities with respect to a debt ("Unknown Debt") purportedly owed by a third party, referred to by CPS by the first name of "Jondra" (phonetic) ("Third Party Debtor").

6. Mr. Schiemann does not know the Third Party Debtor, does not owe any money to CPS and has no relationship whatsoever with either CPS or the Third Party Debtor.

7. Notwithstanding the fact that Mr. Schiemann does not have a relationship whatsoever with the Third Party Debtor or CPS, commencing in early January, 2012 through to the date hereof, CPS has made repeated telephone calls to Mr. Schiemann on his cellular phone in an attempt to collect a debt from the Third Party Debtor.

8. Mr. Schiemann has repeatedly informed CPS that Mr. Schiemann does not know who the Third Party Debtor is and has repeatedly asked CPS not to call him again.

9. CPS refused to stop calling Mr. Schiemann on his cellular phone for a debt he does not owe.

10. In response to the demands by Mr. Schiemann that CPS not call him again, the collection employee of CPS abruptly hung up the telephone.

11. CPS made approximately 20 to 30 telephone calls to Mr. Schiemann on his cellular phone without the permission or consent of Mr. Schiemann.

12.     CPS did not have the right to make telephone calls to Mr. Schiemann on his cellular phone regarding the alleged debt purportedly owed by the Third Party Debtor.

## COUNT I - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.)*

13.     This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA").

14.     Mr. Schiemann realleges and reaffirms the allegations contained in Paragraphs 1 through 12 above as if set forth hereat in full.

15.     At all times material hereto, the Third Party Debtor was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

16.     At all times material hereto, CPS was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

17.     At all times material hereto, the Unknown Debt was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

18.     At all times material hereto, CPS was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

19.     As more particularly described above, CPS has violated the FDCPA in that CPS has:

(a)     communicated with Mr. Schiemann more than once in contravention of 15 U.S.C. §1692b(3);

(b)     engaged in conduct, the natural consequence of which is to harass, oppress or abuse Mr. Schiemann in connection with the collection of a debt in contravention of 15 U.S.C.

§1692d; and

      (c) caused a telephone to ring or engaged Mr. Schiemann in a telephonic conversation repeatedly or continuously with the intent to annoy, abuse or harm Mr. Schiemann in contravention of 15 U.S.C. §1692d(5).

20. As a direct and proximate result of the violation of the FDCPA by CPS, Mr. Schiemann has been damaged. The damages of Mr. Schiemann include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment and damage to the credit and credit reputation of Mr. Schiemann.

21. Pursuant to 15 U.S.C. §1692k, Mr. Schiemann is entitled to recover actual damages together with statutory damages of $1,000.00, together with court costs and reasonable attorneys fees.

22. Mr. Schiemann has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Ernest Schiemann, an individual, demands judgment against Defendant, Check Plus Systems, Inc., a Texas corporation, d/b/a "CPS Security," for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT II - ACTION FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227, *ET SEQUI*)

23. This is action for damages for violation of 47 U.S.C. §227, *et sequi*, known more commonly as the "Telephone Consumer Protection Act" ("TCPA"), and the regulations promulgated thereunder.

24. Mr. Schiemann realleges and reaffirms the allegations contained in Paragraphs 1 through 12 above as if set forth hereat in full.

25. In furtherance of its collection activities, as set forth above, CPS made repeated unlawful automated calls to the cellular phone of Mr. Schiemann.

26. CPS did not have the legal right to make telephone calls to Mr. Schiemann on his cellular phone regarding the alleged debt purportedly owed under the Disputed Charge Account.

27. Mr. Schiemann did not give consent to CPS to contact Mr. Schiemann by any means.

28. CPS used an unlawful auto dialer to call the cellular phone of Mr. Schiemann without permission to do so in violation of the TCPA.

29. CPS used an illegal predictive dialer to call the cellular phone of Mr. Schiemann without permission to do so in violation of the TCPA.

30. CPS placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of Mr. Schiemann in violation of 47 U.S.C. §227(b)(1)(A)(iii).

31. There is no exception or justification for the numerous violations of the TCPA by CPS.

32. Each call to the cellular phone of Mr. Schiemann is a separate violation and entitles Mr. Schiemann to statutory damages against CPS in the amount of at least Five Hundred Dollars ($500.00) per call pursuant to 47 U.S.C. §227(b)(3).

33. CPS willfully and knowingly violated the TCPA and the regulations promulgated

thereunder to the extent that the Court may, in its discretion, increase the amount of statutory damages to One Thousand Five Hundred Dollars ($1,500.00) per call pursuant to 47 U.S.C. §227(b)((3).

WHEREFORE, Plaintiff, Ernest Schiemann, an individual, demands judgment against Defendant, Check Plus Systems, Inc., a Texas corporation, d/b/a "CPS Security," for:

    A.    Statutory damages;

    B.    A declaration that the calls of Defendant violated the TCPA;

    C.    A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

    D.    Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Ernest Schiemann, an individual, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

LAW OFFICES ROBERT W. MURPHY

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
Email: rphyu@aol.com